NO. 8523

COURT OF APPEAL

PARISH OF ORLEANS

————————

S U C C E S S I O N

OF

THOMAS MOYNAGH

8523

————

*set aside*

*Court of Appeal*
PARISH OF ORLEANS

FILED FEB 13/22

8523

Dinkelspiel; J.

The issue presented in this case is whether or not the Judge aqua correctly ruled as to whether the Succession of the decedant under the inheritance tax law could or could not be held for the value of sixteen shares of the capital stock of the Jefferson Distilling and Denaturing Company, which had been listed by the heirs of the decedant at the par value of One Hundred Dollars per share, and when the list of this stock was presented to the Inheritance Tax Collector, he disapproved of the above par value, maintaining that the book value of said stock which was $270.00 per share, at the date of the death of decedant, should prevail.

This question has definitely been determined in our opinion, in the case of the Succession of Coleman, 147th La. p. 367, where the Court goes on:

"By the value of these shares of stock is meant the amount which they might be sold for at private sale for cash."

And in that case none of the stock of said corporation had ever been sold and the question, how was this value to be determined is an open one.

In the instant case, counsel for the Inheritance Tax Collector endeavored to get the corporation to produce a statement for the month of April, 1921, particularly calculate the value of the shares of the capital stock of the Jefferson Distilling and Denaturing Company, taking into particular consideration the surplus or undivided profits of said corporation.

To which counsel for the Succession objected, on the ground that the value by the auditor of the Company would not represent a true value of the stock as contemplated by the law, the true value of the stock is the market value; the law does not require us to pay inheritance tax on prospective values.   This exception was

maintained. Subsequently an excerpt from the inventory of the Company dated April 15th, 1921, showing that L. H. Merrero, died February 26th, 1921, owned stock of the same kind in the same corporation, which was appraised at the sum of $175.00 per share. On objection the objection was maintained.

The witness Gersen testified that the stock of said company had never been listed on the Stock Exchange and that very little had been sold and none at all within the last. twelve months.

The Judge finally ruled that the rule taken by the Inheritance Tax Collector be dissolved and denied; the judgment of the Court is that the market value or cash value at the date of death of decedant has not been proven at this trial.

Section 7 Act 109 of 1906 gives the law under which this proceeding was instituted and it is there stated that within six months after the date of the death of decedant, or should there be a will, within the same time after the discovery of same, there shall be presented to the Court a detailed, descriptive list, sworn to and subscribed by him, of all items and property contained in and composing the estate of the deceased and therein shall set the actual value of each such item at the time of the death of decedant and service thereof shall be made on the Tax Collector who shall have the right to traverse the same.

It is contended by the Appellee that the Court's ruling in reference to the testimony given in this case which fixed the value of the stock, was correct and they having so fixed it and there being no market value, that that ruling must prevail.

We do not so interpret the Act nor the decision quoted in the Coleman case, but we prefer to remand this case in order that the Judge can have the benefit of all the testimony to be produced both by the Inheritance Tax

226

Collector as well as by the representatives of the Succession.

The judgment appealed from, therefore, is set aside and this case is remanded to be proceeded with in accordance with the. views expressed herein, costs to await final decision of this case.

-Judgment set aside ~~reversed~~ and remanded-